UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

NO. 5:19-CR-232-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) **MOTION TO DISMISS** |
| | ) FOR VIOLATION OF |
| MICHAEL WYATT COLLIUS, | ) SPEEDY TRIAL ACT AND |
| Defendant. | ) VIOLATION OF 6th AMENDMENT |

NOW COMES the undersigned attorney for MICHAEL WYATT COLLIUS, respectfully moving this court to dismiss the indictment against him for violations of the Speedy Trial Act, 18 U.S.C. § 3161(b) and the Sixth Amendment right to a speedy trial, U.S. Const. amed. VI. In support of this motion the defendant would show as follows:

1. Beginning in September 2016, agents with the Federal Bureau of Investigation (FBI) opened an inquiry into receipt and distribution of pornographic images located on a DropBox cloud folder under the user ID "brapow12".

2. FBI agents obtained and served subpoena to DropBox for the identity of the owner of said account. DropBox provided the FBI with the email address listed as collius96@gmail.com.

3. FBI agents obtained and served subpoena to Google for the identity of the email address collius96@gmail.com along with connection IP logs for said address on November 2, 2016 and November 11, 2016.

4. FBI agents obtained and served subpoena upon CenturyLink for the identity of the

IP address identified on those dates as belonging to what turned out to be Defendant's father.

5. FBI agents searched public records, social media, and motor vehicle records to identify the Defendant.

6. February 5, 2018, FBI Agents opened and assigned a case number on Michael Wyatt Collius as the owner of the DropBox account user "brapow12".

7. On February 20, 2018, the United States Attorney for the Eastern District of North Carolina obtained an order to prevent the disclosure of the administrative subpoena to Google for the defendant's account. Said order was entered in file number 5:18-MJ-1140.

8. On March 8, 2018, FBI Agents conducted surveillance on the residence 405 Walker Avenue, Norlina, NC.

9. On April 17, 2018, FBI agents conducted surveillance on the residence at 311 Fairview St. Warrenton, NC.

10. On May 3, 2018, FBI agents acquired a search warrant from the United States District Court for Eastern District of North Carolina in file number 5:18-MJ-1377

11. On, May 4, 2018, Agents from the FBI solicited the assistance of local law enforcement officers to execute the search warrant upon 311 Fairview St. Warrenton, NC

12. FBI agents conducted the search of the residence, seized the Defendant's cell phone, and interviewed the Defendant. Local law enforcement only stood watch.

13. On May 4, 2018, Local sheriff's deputy, Marcus West was directed to take out state charges for possession of pornographic images. Deputy West obtained four

warrants for arrest charging twelve counts of 2nd Degree Exploitation of a Minor.

14. Deputy West then served the four warrants for arrest and Defendant was placed in the Warren County jail with a $120,000 bond required for his release.

15. Deputy West's report states that after the arrest, he did not perform any other duties regarding the investigation.

16. Deputy West appeared and testified to the grand jury for Warren County on July 2, 2018.

17. On or about August 6, 2018, the state district attorney's office delivered 30 pages of discovery to Defendant's state attorney. Said pages were copies of the indictments, warrants, release order, but included only 3 pages of officer's notes concerning the FBI's investigation and his limited participation.

18. Defendant appeared on the state indictments in Warren County Superior Court on August 20, 2018.

19. The state prosecutor assigned to the case stated federal authorities had contacted their office and were going to be adopting the case.

20. A federal indictment was returned against the Defendant on June 7, 2019 and a warrant for his arrest was issued the same day.

21. A federal superseding indictment was returned against the Defendant on July 10, 2019 and a warrant for his arrest was issued the same day.

22. The Defendant remained in state custody some fourteen months until July 16, 2019, when he was arrested and served with the superseding indictment by federal agents.

## VIOLATION OF THE SPEEDY TRIAL ACT

The Speedy Trial Act explicitly states that a charging instrument must be filed within 30

days of an individual's arrest. 18 U.S.C. § 3161(b) states in part: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days."

Normally, a state arrest for state charges does not usually trigger the speedy trial clock of 18 U.S.C. § 3161(b). However, one need not be in actual federal custody for federal speedy trial rights to begin.

In <u>United States v. Iaquinta</u>, 674 F.2d 260 (4 Cir. 1982), the defendant made a Speedy Trial Act challenge. He had been the subject of a "coordinated state and federal investigation" where defendant was first arrested by state and federal officers in what was officially a state arrest. The state first sought to prosecute the defendant, but deferred prosecution to the federal government. The defendant was then arrested by federal officers under the federal indictment and made his Speedy Trial challenge based on the initial arrest. The Court held that "Since the Act applies only to federal prosecutions, it is only a federal arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act." *Id*. at 264. However, the Fourth Circuit rejected the district court's analysis which treated the first arrest as the trigger for the speedy trial act as the state and federal officers were cooperating (see below).

The Court in <u>United States v. Thomas</u>, 55 F.3d 144 (4 Cir. 1995) came to a similar conclusion. The defendant was arrested on state charges and subsequently a federal criminal complaint was filed and an arrest warrant was secured in order to file a federal detainer with state authorities. The defendant was not indicted federally for over two years after the issuance of the

federal criminal complaint, arrest warrant, and federal detainer, and made a Speedy Trial Act challenge. The Court found the "Speedy Trial Act was not implicated until the issuance of the federal indictment." *Id*. at 148.

Similarly, in United States v. Woolfolk, 399 F.3d 590 (4 Cir. 2005), the Fourth Circuit held that a defendant must be under federal arrest or be in federal custody for the Speedy Trial Act to apply. However, Woolfolk cited a passage from a law review article in Iaquinta regarding the proper Speedy Trial Act analysis in a case where state and federal authorities cooperate:

For this [thirty-day time] limit to commence, a person must be held for the purpose of answering to a federal charge. Thus, if one is held by state officers on a state charge and subsequently turned over to federal authorities for federal prosecution, the starting date of the time period is the date that the defendant is delivered into federal custody. However, if the person is held in state custody at the request of federal authorities, the date of arrest by the state officers is controlling. Woolfolk, *quoting* Iaquinta, 674 F.2d at 267 (citations omitted).

In this case there can be no doubt that Mr. Collius was being held in state custody at the behest of the federal government. Federal agents began the investigation, federal agents obtained a federal search warrant, federal agents conducted the search and interrogated the Defendant, and federal agents seized all evidence. The state officers only attended the search and to defendant's knowledge never saw any of the images which were complained of. Federal prosecutors were involved in seeking a protective order from the federal court prior to the search of Defendant's residence. The only cooperation between state and federal authorities was to hold Mr. Collius while the federal agents completed their investigation and brought a federal indictment. The evidence alleged in the state charges was never turned over to state investigators or state prosecutors.

Defendant contends he was held under the ruse of state charges at the behest of the federal investigation. Defendant contends the state charges were brought simply to hold him in an attempt to violate his rights under the Speedy Trial Act. Therefore, the Defendant respectfully requests the indictment against him be dismissed with prejudice.

This 20th day of August, 2019.

                                                                                              _/s/ Lewis A. Thompson, III_  
                                                                                              Lewis A. Thompson, III  
                                                                                              CJA APPOINTED  
                                                                                              Banzet, Thompson, Styers & May, PLLC  
                                                                                              P. O. Box 535  
                                                                                              Warrenton, NC 27589  
                                                                                              Telephone: (252) 257-3166  
                                                                                              Facsimile: (252) 257-2053  
                                                                                              Email: al.thompson@banzetlaw.com  
                                                                                              North Carolina Bar No. 8058

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss was served on the following person(s) by Electronic Filing – US Federal District Court for Eastern District of North Carolina:

Bryan M. Stephany
United States Attorney's Office
310 New Bern Avenue
Suite 800
Raleigh, NC 27601
Bryan.Stephany@usdoj.gov

This 20th day of August, 2019.

      /s/ Lewis A. Thompson, III_____
Lewis A. Thompson, III
CJA APPOINTED
Banzet, Thompson, Styers & May, PLLC
P. O. Box 535
Warrenton, NC 27589
Telephone: (252) 257-3166
Facsimile: (252) 257-2053
Email: al.thompson@banzetlaw.com
North Carolina Bar No. 8058